CHILES & HOY'S
HEIRS
vs
BOON'S HEIRS.

*Hewitt* for plaintiff: *Cates & Lindsey* for defendants.

---

CHANCERY.

# Chiles and Hoy's Heirs *vs* Boon's Heirs.

## ERROR TO THE BOURBON CIRCUIT.

Case 28.

*Equity and equitable jurisdiction.    Warning order.
Traverse.*

September 28.

JUDGE EWING delivered the opinion of the Court.

Case stated.

REUBEN SEARCY having obtained a certificate of settlement and pre-emption, for 1400 acres of land, and having, by contract, agreed with one Martin to let him have one half for locating the same, in 1781, sold to Wm.

Hoy 700 acres, the *first choice* of the same, and executed to him a bond for a conveyance. Hoy afterwards acquired the interest of Martin, and having obtained from Searcy an assignment of the certificates of survey, a patent issued to him in 1785. But before the date of the patents, Hoy, for a valuable consideration, sold and assigned the bond which he held on Searcy, for 700 acres of the land, to George Boon, and bound himself as surety for the conveyance. George Boon sold and assigned the bond to Thos. Boon, the ancestor of the defendants in error. Tho. Boon afterwards made a contract with Hezekiah Boon, by which the latter, upon the performance of certain conditions, was to have the 700 acres of land mentioned in the bond of Searcy. The conditions were, however, never performed by Hezekiah, and he ceased to claim any interest in the land. However, afterwards, in 1817, Hezekiah Boon, in conjunction with George Boon, with whom the bond of Searcy had been left by Tho. Boon, to obtain a title for him from Hoy, the said Thomas being a resident of Pennsylvania, made a contract with Wm. Chiles, by which it was agreed that Chiles should have an interest in the land, and Chiles, in 1818, filed a bill in the Bourbon Circuit Court, in his name and in the names of Hezekiah Boon, George Boon, and Thomas Boon, against the heirs and devisees of Wm. Hoy, he having previously departed this life, for the conveyance of the 700 acres of land embraced in Searcy's bond, and a decree was obtained directing a conveyance to Chiles of 700 acres, *made choice* of by him, and a deed executed to him by a Commissioner. The case was afterwards brought to this Court and reversed, for the want of proper parties, and the cause remanded to the Bourbon Circuit Court for further proceedings. After the Bourbon Court had made its decree, Thomas Boon filed his bill in the Circuit Court of the United States for the District of Kentucky, in which he sets up and asserts his equitable right to the seven hundred acres of land; charges fraud on Chiles, and that he had obtained the contract from Hezekiah and George with a full knowledge of his, Thomas Boon's, superior equity, and had instituted suit in his name, in the Bourbon Circuit Court, without his knowl-

edge or consent, and fraudulently obtained a decree and conveyance to himself, for the land. The suit in the Federal Court was afterwards revived in the name of Thos. Boon's heirs, he having died, and a decree obtained against Chiles and *some* of the heirs of Hoy for a conveyance, other of the heirs being non-residents or charged to be so, and no process consequently served on them, no decree was obtained against them. This decree was taken to the Supreme Court of the United States, and the equitable right of Thos. Boon's heirs sustained: (10 *Peter's Rep.* 199.)

After the return of the cause to the Bourbon Circuit Court, upon the reversal of this Court, it remained on the docket some time unprepared, and before it was prepared, the heirs of Thos. Boon, he having in the mean time died, filed their bill of revivor, making it a cross bill against Chiles, the heirs of Hoy, &c., for the purpose of obtaining a title from Chiles and such of the heirs and devisees of Hoy as were *not* parties to the suit in the Federal Court, and as to whom no surrender of title had been decreed in their favor. To this bill of revivor and cross bill, various amendments were made, and the case stood on the docket unprepared for trial until the May term of the Bourbon Circuit Court, 1836, when an amended bill of revivor and cross bill was filed, giving a full history of the progress of the case in the Federal Court, and of the decree obtained against all the heirs of Hoy except Elizabeth South, the children and heirs of Kesiah Brown, and the children and heirs of Theodocia Flournoy, who were heirs of Wm. Hoy, deceased, and Hugh Brown, the husband of Keziah Brown, who were all non-residents. They re-assert their superior equity and charge fraud upon Chiles in obtaining the bond of Searcy, and enumerate the causes which prevented their ancestor from asserting his right, which sufficiently accounts for the delay, and prays a conveyance of title from Chiles and the heirs of Hoy, who were not parties to the suit in the Federal Court.

The Circuit Court decreed that Chiles, Elizabeth South, the children and heirs of Keziah Brown, deceased, and their father, Hugh Brown, and the children and heirs of

Theodocia Flournoy, should convey to the complainants
all their right, title, and interest in the settlement and
pre-emption of Reuben Searcy, derived under the patent
of their ancestor, Wm. Hoy, and pay the costs of the
suit; and the defendants have brought the case to this
Court for revision.

We deem it necessary to notice only a few of the many
objections to the decree urged by the counsel of the plain-
tiffs in error. After so much perplexity and delay in
bringing this case to an issue, we do not deem it proper
to criticise the proceedings with severity to ascertain
whether some formal parties may not have been omitted,
and especially when the interest of those against whom
the decree has been rendered, can in no wise be affected
by their not being before the Court. If it be conceded
that we are precluded from looking into the decision of
the Supreme Court, to ascertain who were parties and
what was the decision, there is enough in this record to
show that a proceeding was prosecuted in that Court, in
favor of the complainants against Chiles, and a portion
of the heirs of Hoy and others, to obtain a conveyance
of their title to the land in contest, upon the same equity
set up in the bill instituted in the Bourbon Circuit Court.
In the absence of satisfactory proof to the contrary, we
are authorized to presume that all the heirs of Hoy, ex-
cept those against whom remedy was sought in this case,
and all other necessary parties to a full settlement of the
controversy, were brought before that Court. At least
we do not feel authorized to dismiss the complainants
bill without prejudice, for the want of necessary parties,
or to send it back to be further delayed in bringing other
parties before the Court, in the absence of some satisfac-
tory evidence that they were necessary parties, and that
their interests have not been adjudicated upon and con-
cluded by the decree of the Federal Court.

Moreover, it is charged in the amended bill, that a pro-
ceeding was had in the said Court, by which Chiles and
all the other heirs of Hoy were compelled to surrender
the legal title to the complainants, and Chiles does not
deny it. And as to the heirs of Hoy, who are required
to convey in this case, it appears that an order of publi.

CHILES & HOY'S
HEIRS
vs
BOON'S HEIRS.

cation was duly made and authenticated against all of them, as non-residents, before the law was changed prescribing the mode of proceeding against non-resident defendants, and the bill might have been taken for confessed against them before the change. And though a warning order was afterwards made against them, and a traverse entered, it is not clear that under the operation of the last clause of the statute making the change, (*Acts of* 1836–7,) which clause is applicable to that class of non-resident defendants who are brought before the Court for purposes like that for which the heirs of Hoy are sued, and not for the purpose of subjecting attached effects to sale, that a traverse was required, after an order of publication had been made under the former statute. But waiving this question, if the traverse was required, we cannot construe it to operate as an objection, that other formal parties were not made, whose eviction could not act injuriously upon their interests, or affect the justice of the decree sought to be obtained against them, but can be construed to controvert only those material allegations of the bill, which if true, will operate directly injuriously to their interests, and entitle the complainants to a decree against them.

Nor can the proceedings and decree against a part of the heirs in the Federal Court, be any obstruction to the complainants right to proceed against others. who were not parties to that suit, to obtain a conveyance from them. If so, the complainants would have a right without a remedy. Though it might have been an objection, in that Court, to the complainants right to proceed without bringing all the heirs of Hoy before the Court, it can be no objection to a proceeding in this court, to obtain a conveyance from those who have not conveyed, that others of their co-heirs who have been compelled to convey, have not been brought before the court, no more than it could be an objection that those who had conveyed voluntarily were not sued with them.

Where, by a decree of the Federal Court, a part of the heirs of *one* have been decreed to convey, it is no objection to a suit in a State Court that such heirs are not parties to a suit bro't for a conveyance from the remainder of of such heirs.

Though upon the death of Rowland Hoy without issue, after he attained full age, an equal ninth share of his interest in the land in contest devolved upon his mother, Mrs. Brown, and upon her death, passed equally to all

her children and their representatives, who were the children and heirs of Wm. Hoy, yet it does not appear *when* she died.    But it is pretty certain that she died before the termination of the suit in the Supreme Court; and if so, the decree requiring the heirs that were before that court to convey all their interest, carried the interest which they derived from her, as well as that derived from Wm. Hoy, and rendered it unnecessary to bring them before the Circuit Court, with a view to reach that interest.

Hezekiah Boon and George Boon, or their representatives, could be deemed mere formal parties.    There is enough in the record to convince us that they have long since abandoned all claim to the land, and could not, if brought before the court, successfully assert any just claim. And if they ever had any, it may be presumed that their pretended claims were litigated and concluded by the decree in the Supreme Court.    Besides, the interests of those who are before the court can in no wise be affected by the failure to bring them before the court.

Though it were conceded, that in cases where an allegation of non-residency is necessary to be specially made in the bill, to give jurisdiction to the court, a traverse might require the proof of it, yet in cases like the one before the court, where no such *allegation* need be made—whether it is made or not, the traverse does not put it in issue, or require other proof of the fact of non-residency, than the *ex-parte* affidavit made to the court to authorize the warning order.

Nor should the traverse be construed to have the effect to exclude from the consideration of this Court, papers and depositions, whether taken in this cause or translated to this record from the Federal Court, if such papers and depositions were read and used in the Circuit Court without objection.    Such a rule might work manifest injustice to parties.    If objection was made in the Court below, and the depositions or papers excluded, the defect in the proof produced by their exclusion, might be supplied by taking the depositions over, or the depositions of others proving the same facts, or proving in a more regular form, the execution of the paper excluded, or supplying its place by other proof.    But if excluded or disregarded

CHILES & HOY'S
HEIRS
*vs*
BOON'S HEIRS.

An allegation of non-residence when not necessary to be made, need not be proved.

Depositions not objected to in the court below cannot be in this court.

CHILES & HOY'S
HEIRS
*vs*
BOON'S HEIRS.

in this Court, the defect in the proof could not be supplied, and a party might be subjected to the loss of a meritorious claim.

Warning order constructive notice of the pendency of the suit, and depositions read against a non-resident in such case cannot for the first time be objected to in this court.

The warning order must be deemed *constructive notice* to a non-resident, of the pendency of the suit, and he must be regarded as constructively in Court, by himself or counsel, and no objection being made to the proof there, it must be received and taken for what it is worth here. In the case of absent or non-resident debtors, whose effects here are attached, the Court is required by act of 1837–8, 202, to appoint some attorney of the Court to appear for and defend them, and he is required to apprise them of the pendency of the suit, and of its objects, and from this class of cases most injury and oppression is to be apprehended.

Traverse does not amount to an objection to reading depositions on the documentary evidence.

The traverse controverts the allegations made in the bill, but cannot be construed to operate as an objection to the reading of depositions or other documentary evidence exhibited in the cause. If the non-resident is in fact not in Court, by himself or counsel, and injustice be done him, he has seven years allowed him to appear and open the decree and redress the wrong, by which his rights are sufficiently guarded, without the adoption of the rule contended for, which might lead to such pernicious consequences to the rights of litigants.

Upon the merits of the case, we think that the complainants have fully sustained their equity, and that they are not barred by lapse of time. In support of these propositions, we will not stop to analyze the testimony, or offer an argument on the law or facts, but will refer to the able arguments of Justice Baldwin, in the Supreme Court, (10 *Peters*, 199,) between the complainants and Chiles, and a part of the heirs of Hoy, stating only that the facts in this case are not essentially variant from the facts in that, but in some respects more favorable to the complainants, especially as respects the lapse of time. This suit was brought before that, and it does not appear in this that the Hoys were ever in actual possession, or that those who took shelter under South, while he had possession of the land of Searcy, held possession long.

This suit was instituted in 1818, in the names of Chiles, Hezekiah Boon, George Boon, and the complainants an-cestor, and to that time should the complainants suit be carried back, and should not be dated from the time they filed their bill of revivor and cross bill against Chiles and others. In that bill they did not repudiate or abandon the suit, but only repudiated Chiles' equity, and contro-verted his right to obtain a conveyance *to himself.* So far from repudiating or abandoning the suit, they *revived* it in their own names and have persevered in its prosecution to its final termination. Time should only be counted against them up to 1818, when the suit was instituted.

Chiles was a necessary party to the complainants cross bill of revivor. Indeed it was essential to the objects of their suit to make him a party. And though it is charg-ed that he had subsequently been compelled, by the de-decree of the Supreme Court, to release and convey all his interest in the land in contest to the complainants, and may have no interest to convey, yet he could not be pre-judged by a decree requiring him to convey *all his inter-est* only in the land in contest, and it might be proper, as a necessary precaution and security to the title of the complainant, to require him to convey all his interest, without looking or depending upon the Federal Court for the full effectuation of the objects of this suit, or the com-pletion of the title of the complainants. But there is error in the decree, in requiring Chiles and the heirs of Hoy to convey all their interests in the whole settlement and pre-emption. The complainants are entitled to se-ven hundred acres only, choice out of the two tracts. And they *assented to the choice* which had been made by Chiles, and asserted in their bill, claim to the seven hundred acres which had been laid off by the surveyor for Chiles, in the execution of the order of survey, and had been conveyed by the commissioner, under the decree of the Bourbon Circuit Court, which was reversed by this Court. A conveyance should only have been directed for that boundary. Chiles sets up claim as a purchaser from several of the heirs, of their whole interest in the settle-ment and pre-emption, and the defendants, the heirs of Hoy, have an interest in the same beyond the seven hun-

dred acres claimed by the complainants. The decree di-
vests them all of this right, and for this error only must
the decree be reversed.

It is, therefore, the opinion of this Court, that the de-
cree of the Circuit Court be reversed, and cause remand-
ed, that a decree may be rendered as indicated in this
opinion. The plaintiffs in error are entitled to their costs
in this Court.

. *Apperson* for plaintiffs: *Owsley & Goodloe* for def'ts.